UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:14-cv-01795-JMS-TAB |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Directing Entry of Final Judgment**

**I.**

While confined at an Indiana prison, Christopher Washington was disciplined in a proceeding identified as No. NCF 14-05-168 based on a finding that he had assaulted Correctional Officer D. Dick during the morning may 16, 2014. Construing the evidence in a manner most favorable to the finding of the hearing officer, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), Washington struck Officer Dick's hand and knocked it from the door that Officer Dick was trying to prevent Washington from entering.

The pleadings and the expanded record show that the hearing officer's decision was supported by at least "some evidence," as required by and *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985), and that the procedural requirements of *Wolff v. McDonnell,* 418 U.S.

539, 557 (1974), were provided. That is, the charge was clear and adequate notice was given. In addition, (1) Washington was given the opportunity to appear before the hearing officer and make a statement concerning the charge, and the witnesses he requested provided statements, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed. Washington's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Washington to the relief he seeks. His petition must therefore be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: _____06/22/2015_____

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHRISTOPHER E. WASHINGTON
Chapel Oaks Apartment
806 Oaklawn Ct.
Fort Wayne, IN 46803

Electronically Registered Counsel